**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| FREDERICK BANKS,<br><br>    Plaintiff,<br><br>vs.<br><br>SOO SONG, US Attorney; ROBERT CESSAR; MARK R. HORNAK, J; United States District Court for the Western District of Pennsylvania; S.A. SEAN LANGFORD; S.A. ROBERT WERNER; S.A. in Charge SCOTT SMITH; MIKE POMPEO; FEDERAL BUREAU OF INVESTIGATION; CENTRAL INTELLIGENCE AGENCY; UNITED STATES MARSHALS; ADRIAN ROE, Esq., SIS LT. PEREZ; SIS TECH LLOYD,<br><br>    Defendants. | CIVIL CASE NO. 17-00093<br><br>REPORT AND RECOMMENDATION |

Present before the court is a Complaint for a Writ of Quo Warranto, Prohibition and Mandamus filed by Plaintiff on July 24, 2017. In addition to the complaint, Plaintiff has filed an Application to Proceed without Payment of Fees and Affidavit therewith.

In this action, Plaintiff, who resides in the Western District of Pennsylvania, is suing Defendants, all of whom also reside in the Western District of Pennsylvania. Plaintiff alleges among things that he has been defamed and his criminal case has been delayed for improper reasons. He is also seeking monetary damages from the defendants.

**DISCUSSION**

The court notes that Plaintiff has filed similar cases in other federal districts within the United States including Pennsylvania, Hawaii, and Maine, among others.

In *Banks v. Song*, No. 1:17-cv-00339(D. Haw. July 25, 2017), the District Court in Hawaii dismissed Banks' similar action and also denied his *In Forma Pauperis* Application. Therein, the court noted that the Third Circuit had already denied Banks a writ of mandamus in his criminal action pending in the Western District of Pennsylvania. The court further noted that it was not a court "superior' to the Western District of Pennsylvania and it had no jurisdiction or duty to compel the Western District of Pennsylvania and its officers to take any action in Banks' pending criminal case.

In *Banks v. Song*, No. 2:17-cv-00277-DBH (D. Maine. August 2, 2017), the District Court in Maine recommended dismissal of Banks' similar action and noted that the court had previously denied his motion in forma pauperis because he did not provide the requisite financial information. The Maine court noted that venue was improper in that district since Banks had already filed the case in the Western District of Pennsylvania. Banks resides in that district along with all the other defendants named in the complaint. Based upon 28 U.S.C. § 1406(a), the court found it to recommend dismissal of the action because of improper venue since the case was already pending in the Western District of Pennsylvania.

The repetitious litigation of almost identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious. See *Bailey v. Johnson*, 846 F. 2d 1019 (5th Cir. 1988)*, Cato v. United States*, 70 F. 3d 1103, n.2 (9th Cir. 1995)*: e.g., Bolton v. Asian Sheriff Officer*, 2015. LEXIS 164528 (N.D. Cal. Dec. 8, 2015).

As noted above, Plaintiff has filed the above claim in this district and a nearly identical complaint as the one before this court in the Western District of Pennsylvania, Hawaii, and Maine.

In this matter, the court notes that in his application to proceed without payment of fees, Plaintiff lists a $250,000 real property asset, a vehicle worth approximately $29,0000, and stocks and other investments of unknown value.

It is difficult for this court to grant Plaintiff leave to file the complaint without the payment of fees in light of the assets held by him. The court notes he has been found to be a vexatious litigant in other jurisdictions and his application to proceed without the payment of

fees has been denied based upon the same information he has provided this court. Even if he were to be granted by this court leave to proceed without the payment of fees, the court finds that his complaint should be dismissed.

**RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an order denying Plaintiff's application to proceed without payment of fees and further dismissing Plaintiff's complaint for the following reasons:

1. That his complaint is malicious since it is nearly an identical complaint filed by Plaintiff in the Western District of Pennsylvania, Hawaii, and Maine and represents repetitious litigation of almost identical causes of action.

2. That this court is not a "superior" court to the Western District of Pennsylvania and this court has no jurisdiction or duty to compel the Western District of Pennsylvania and its officers to take any action in Banks' pending criminal case.

3. That the venue in which Plaintiff has brought his complaint is improper. Plaintiff does not reside in the district of Guam. He resides in the Western District of Pennsylvania as well as all the defendants he is suing. Plaintiff has no connection to Guam.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jun 26, 2018

**NOTICE**

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**